UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM CHESTNUT,<br><br>　　　　Petitioner,<br><br>　v.<br><br>M. B. CASH,<br><br>　　　　Respondents. | No. CV 13-07800-MMM (VBK)<br>　　 CV 13-07490-MMM (VBK)<br><br>ORDER TO SHOW CAUSE WHY ACTION CV 13-07800-MMM (VBK) SHOULD NOT BE CONSOLIDATED WITH CV 13-07490-MMM (VBK) |

　　　On October 9, 2013, William Chestnut (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus" ("Petition") in the United States District Court for the Central District of California which was given Case No. CV 13-07490-MMM (VBK). Petitioner raised the following claims: (1) The trial court abused its discretion and violated a plea agreement when it imposed an improper sentence; and (2) Petitioner's trial counsel was ineffective for failing to object to sentencing errors and to the trial court's violation of the plea agreement. (See Petition at 3-16.)

　　　On October 22, 2013, Petitioner filed a "Petition for Writ of Habeas Corpus" in the United States District Court for the Central

1  District of California that was given Case No. CV 13-07800-MMM (VBK).[1]
2  The Court's initial review of the Petition revealed the following
3  deficiencies:

    (1) Petitioner submitted the Petition on a Los Angeles County Superior Court form rather than a form utilized by the United States District Court for the Central District of California;

    (2) Petitioner raised the following claim in his Petition: (1) "defense counsel's failure to research and produce United States Supreme Court case authorities applicable re: police illegal seizure of guests from hotel room by force to create exigency to gain access to hotel room to educate the jury implicated a violation of Petitioner's constitutional guaranteed liberties under the due process of law by Amendments 4, 6, 9 and 14 to the United States Constitution. (See Petition at p. 3.)  Petitioner also attached a "Petition for Writ of Habeas Corpus and Memorandum of Points and Authorities in Support Thereof" containing 39 pages, a copy of United States v. Terrence Cole, 437 F.3d 361 (2d Cir. 2006), a Minute Order dated August 1, 2013 denying Petitioner's habeas petition, a document entitled "Petitioner's Opposition to Lower Court Ruling" apparently filed in the California Court of Appeal Second District

---

[1]  This case was erroneously given a new case number rather than filed in Case No. CV 13-07490-MMM (VBK).

2

containing ten pages and dated August 21, 2013.[2]

It appears to the Court that Petitioner may have erroneously filed this Petition in the United States District Court rather than the California Court of Appeal. It also appears to the Court from its review of the Petitions herein filed by Petitioner that (a) the issues raised in these actions are directly related; (b) at least some of the legal and factual issues raised in these actions are identical; (c) there is a risk of inconsistent rulings on issues of law and fact if the two actions are allowed to proceed simultaneously; and (d) it is not in the interest of judicial economy to allow the two actions to proceed simultaneously.

The Court **HEREBY ORDERS** Petitioner to show cause within 21 days of the date of this Order as to why CV 13-07800-MMM (VBK) should not be consolidated with CV 13-07490-MMM (VBK).

DATED: February 28, 2014                  /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE

---

[2] On October 29, 2013, the Court issued an Order Dismissing Petition With Leave to Amend. Petitioner failed to file an Amended Petition curing the defects. On December 12, 2013, the Court issued a Minute Order ordering Petitioner to file a First Amended Petition and notifying Petitioner that failure to comply with the Court's Orders could result in a recommendation of dismissal. Petitioner has failed to respond to the Court's Orders.